**UNITED STATES of America,**

v.

**JUVENILE, a Male, Defendant.**

No. 07–6–B–K.

United States District Court, D. Maine.

June 25, 2007.

Darcie N. McElwee, U.S. Attorney's Office, Portland, ME, for Plaintiff.

---

## MEMORANDUM OF DECISION

KRAVCHUK, United States Magistrate Judge.

This matter is before me by consent of the parties, the juvenile having admitted the juvenile offense of possession of a handgun, an offense which carries a potential sentence of not more than one year detention. The Assistant United States Attorney, the United States Probation Officer, and the juvenile's attorney are locked in a heated dispute about the appropriate guideline that I should "apply" in a case where a juvenile has been adjudicated to have committed an act of juvenile delinquency consisting of the possession of a handgun in violation of 18 U.S.C. §§ 922(x)(2)(A), (B) and 924(a)(6)(A)(i). I put the word "apply" in italics because, although the parties agree that sentencing guidelines are a necessary component of dispositional analysis, *see United States v. R.L.C.*, 503 U.S. 291, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992), the guidelines themselves do not speak to "juvenile" offenses such as possession of a handgun by a juvenile. There is no "guideline" to apply in this case. The Juvenile Delinquency Act itself requires the length of official detention in certain circumstances be limited to "the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult." 18 U.S.C. § 5037(c)(1)(B). In the pre-*Booker* world, at least, this meant that the court had to look not only at the statutory maximum, but also at the applicable guideline sentence as though the crime had been committed by an adult.

In the present case that whole exercise is frustrated by a number of factors. The statutory maximum sentence of imprisonment is not more than one year of juvenile detention for any juvenile adjudicated to have been in possession of a handgun. If I apply the guideline advocated by the Government and the probation officer, the sentencing range is 10 to 16 months; if I apply one of the guidelines suggested by defendant's counsel the guideline range is 6 to 12 months. Because I have determined in this case, for the reasons stated on the record at the time of sentencing, that a 12–month commitment to a juvenile detention facility is the appropriate disposition, it matters not which guideline is "applied" because the sentence I have imposed falls within either range and is at the statutory maximum in any event.

A second factor which frustrates this analysis is that neither the parties nor I could find any reported case that discussed this issue. However, both sides agree that the way to proceed is to find the most analogous guideline because the statutory offense itself is not listed in the guidelines. They part company over which guideline is most analogous although all agree that I must turn to U.S.S.G. § 2K2.1(a). How does one find an analogous guideline for an adult convicted of being under 18 years of age and having possession of a handgun? The difficulty in finding the answer is apparent in the question.

The Government and the probation officer argue that I should apply subsection (a)(6) because the juvenile is a "prohibited person" when it comes to possession of a handgun. However, the definition section of the commentary defines "prohibited person" for purposes of (a)(6) as a person who is prohibited from having *any* firearms or ammunition under 18 U.S.C. § 922(g) or § 922(n). Being of a particular age is not mentioned in either of those two statutory provisions and, therefore, by definition a juvenile is not a "prohibited person." The Government argues that it is the act of "possessing" that is punished under (a)(6) and this juvenile is charged with possessing a handgun, ergo it is the analogous guideline. However, (a)(6) also

applies to the act of "transferring" any firearm to a prohibited person under § 922(d), so I disagree with the Government's suggestion that the act of possessing is what drives the base offense level of (a)(6). Rather, my conclusion is that (a)(6) is driven by prohibited person status, something that by definition is not applied to this juvenile's possession of a handgun. The juvenile's age prevents his possession of a handgun, but it does not make him a "prohibited person" within those statutory definitions.

The application of subsection (a)(6) results in a base offense level of 14. The Government and the probation officer fall back upon the argument, "we have done it this way before and other judges in the District have used (a)(6)." Everyone agrees that no one has ever challenged the applicability of (a)(6) and there is no written decision available in this District to guide my decision. However, I do not lightly depart from established practice and, if it should develop that subsequent case law in the District convinces me that

(a)(6) should be applied in this situation, I am willing to rethink my analysis. Until that happens or an appellate court addresses the issue, I will look to guidance under 2K2.1(a)(7). Let me explain how I get there.

Defendant's counsel argues, in the first instance, that I should look to 2K2.1(a)(8), the guideline that would be applicable to a violation of 18 U.S.C. § 922(x)(1), which prohibits an adult from transferring to a juvenile a handgun, or ammunition that is suitable for use only in a handgun. That offense carries a base offense level of 6. However, defendant's counsel reluctantly concedes that while that offense appears very analogous[1] to the juvenile's possession of a handgun, there might be some difficulty in applying (a)(8) because that guideline lists the specific statutory provisions to which it applies and it does not list § 922(x)(2), the instant offense.[2] However, (a)(7) says that if the offense is not enumerated in (a)(8), and is not covered elsewhere, a base offense level of 12 is

1. To me the most obvious reason why (a)(8) is more analogous than (a)(6) is that (a)(6) puts together under the same sentencing range both the possession of any firearm by a prohibited person and the transfer of a firearm to a prohibited person by any person. Assigning the same offense level to possession and transfer offenses involving prohibited persons reflects that the logical and analogous place to find the offense level for a juvenile handgun possession offense is with the offense level prescribed for the adult offense of transferring a handgun to a juvenile.

2. Of course, it is not surprising that the United States Sentencing Guidelines do not list Section 922(x)(2), because they were not intended to "apply" to juvenile offenses except to the limited extent set forth in the case law and the previously cited statutory provision. Since the maximum term of "imprisonment" in this case is set by statute at one year, there is a certain logic to looking to the guideline that will most consistently provide a sentence within that range. However, the Government

dismisses this argument as an "equitable" one. I agree that (a)(8) unambiguously does not include Section 922(x)(2), but the question of whether (a)(6) or (a)(7) should apply is, to say the least, ambiguous. The Government concedes that at one point in time this juvenile offense was handled under (a)(7) in this District, but then a probation officer suggested that (a)(6) was more closely analogous and from that time forward the presentence reports have used (a)(6) without challenge until defense counsel raised the issue in this case. If the "rule of lenity" has any continuing vitality at all, this situation would appear to fit the bill. See United States v. Pesaturo, 476 F.3d 60, 69 n. 15 (1st Cir.2007) (refusing to apply the rule of lenity where the rule regulating taxation of kerosene was unambiguous). Whether it is called an "equitable" argument or application of the rule of lenity, it just makes sense to apply a guideline which produces an advisory sentence within the range of the punishment Congress intended for this offense.

applicable. I am satisfied that is the offense level to apply in this case.

Even though a juvenile cannot possess a handgun under federal law, he or she is nothing like the statutorily prohibited person who is barred from possession of all firearms in §§ 922(g) and (n). A juvenile can possess firearms, just not handguns. When an adult has a handgun and transfers it to a juvenile what he has done is more closely analogous to what the juvenile has done when he or she possesses that handgun, as compared with what a felon or a person under indictment for a serious crime has done when he possesses any firearm or ammunition or what is done by a person who transfers a firearm to such prohibited person. The juvenile is punished not because he is a "prohibited" person possessing a firearm within the guidelines definition, but because of the status associated with his age and the nature of the weapon. When an adult transfers a handgun to a juvenile it is a crime not because of the act of selling, or the involvement of a firearm, but because of the status of the recipient and the nature of the weapon. The controlling analogy, in my view, is the analogy between the nature of the weapon and the age of the recipient and I would apply (a)(8) as the closest analogous guideline. The only reason this offense does not have a base offense level of 6, is that § 922(x)(2) is not enumerated in (a)(8) and since it is not an enumerated (a)(8) exception, I am left with (a)(7) as the applicable guideline, not (a)(6).

*So Ordered.*